UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEDEON TIRADO,

    Petitioner,

-vs-                                        Case No. 8:17-cv-1373-T-02JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Mr. Tirado initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). Respondent filed a response in opposition to the petition (Doc. 13) to which Mr. Tirado replied (Doc. 14). Upon consideration, the petition will be denied.

**BACKGROUND**

Mr. Tirado is a prisoner currently incarcerated in the Florida Department of Corrections. In state court, he was sentenced on July 15, 2016, to fifteen years in prison for robbery with a deadly weapon and to five years in prison for possession of a controlled substance.[1] In August 2016, Mr. Tirado was charged by the United States with four counts of felon in possession of a firearm. *See United States v. Tirado*, Case No. 8:14-cr-330-T-27JSS (M.D.Fla.) at docket entry 1. In October 2016, he pleaded guilty, pursuant to a plea agreement, to Count One of the

---

[1] The Court takes judicial notice of information on the Florida Department of Corrections website, www.dc.stat.fl.us, which provides this current prison sentence history.

1

Indictment.[2] *Id.* at docket entries 27, 28. He was sentenced on January 9, 2017, to 84 months in prison, concurrent to the 15-year sentence he was serving in Florida. *Id.* at docket entries 38, 41. After he was sentenced in federal court, Mr. Tirado was returned to the Florida Department of Corrections where he remains incarcerated.

**DISCUSSION**

Mr. Tirado contends that he should not have been returned to the custody of the Florida Department of Corrections because the United States District Judge, the Honorable James D. Whittemore, ordered Mr. Tirado "to be remanded into [Federal Bureau of Prisons] custody to serve [his] 84-month sentence in federal custody." Mr. Tirado moves this Court to direct Respondent to transfer him to the custody of the Bureau of Prisons ("BOP").

In response, Respondent contends that the petition should be dismissed because (1) Mr. Tirado failed to exhaust his available administrative and state court remedies prior to initiating this action, and (2) the BOP designated the Florida Department of Corrections as the facility where Mr. Tirado was to serve his federal sentence. In reply, Mr. Tirado argues that he was not required to exhaust state court remedies prior to filing his petition because "this is a federal case which derived from a federal prosecution and resulted in a federal sentence. . . ." He further argues that Judge Whittemore "specifically ordered that Petitioner complete his federal sentence in the B.O.P. and afterwards be remanded to state custody in FDOC."

**1. Mr. Tirado failed to exhaust administrative and state court remedies prior to filing his petition**

---

[2] Counts Two, Three, and Four were dismissed on motion by the United States. *Id.* at docket entry 41, p. 1.

Prior to filing a § 2241 habeas petition in federal court, a petitioner must exhaust available administrative remedies. *Davis v. Warden, FCC Coleman-USP*, 661 F. App'x 561, 562 (11th Cir. 2016) (A federal prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 "must [first] exhaust his available administrative remedies before he can obtain relief.") (citation omitted). It is apparent that Mr. Tirado failed to exhaust available administrative and state court remedies before filing his petition in this Court. Accordingly, the petition is subject to dismissal.

**2. The petition is without merit**

Even if Mr. Tirado had exhausted his administrative and state court remedies, he has failed to show entitlement to any relief. The judgment in Mr. Tirado's federal criminal case shows that Judge Whittemore committed Mr. Tirado "to the custody of the" BOP and *recommended* "confinement at Coleman [Federal Correctional Complex]." *See United States v. Tirado*, Case No. 8:14-cr-330-T-27JSS (M.D.Fla) at docket entry 41, p. 2. Notwithstanding the recommendation, the BOP has discretion to designate a state institution as the official facility for service of the federal sentence. *See* 18 U.S.C. § 3621(b) ("The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, *whether maintained by the Federal Government or otherwise* and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable. . . .") (emphasis added); *United States v. Claudio*, 499 F. App'x 865, 868 (11th Cir. 2012) ("The BOP has the exclusive discretion to designate any institution where prisoners may be held.") (citation and internal quotation marks omitted); *Brown v. Atkinson*, 2010 WL 3659634, at *4 (S.D. Fla. June 11, 2010), *report and recommendation*

*adopted*, 2010 WL 3659587 (S.D. Fla. Sept. 15, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program.").

The BOP exercised its discretion in designating the Florida Department of Corrections as the facility in which Mr. Tirado will serve his federal sentence (which runs concurrent with his state sentences) (see Doc. 13, p. 20). Mr. Tirado therefore has failed to demonstrate that he is entitled to a transfer to a federal correctional facility.

Accordingly, Mr. Tirado's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**. The **Clerk** shall enter judgment against Mr. Tirado and close this case. To the extent a certificate of appealability is required, it is **DENIED**. And since the Court has denied a certificate of appealability, Mr. Tirado is not entitled to proceed *in forma pauperis* on appeal.

**ORDERED** in Tampa, Florida, on _Nov. 18th_, 2019.

WILLIAM F. JUNG
United States District Judge

SA: sfc
Copies to: Petitioner *pro se*; Counsel of Record

4